**UNITED STATES of America, Appellee,**

v.

**Timothy Paul SCANLON, Appellant.**

**No. 82–2195.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1983.

Decided March 28, 1983.

David Skeen, Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Joseph T. Walbran, Asst. U.S. Atty., D. Minnesota, Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Timothy Paul Scanlon appeals the denial of his motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255. On May 9, 1980, Scanlon was sentenced to concurrent terms of eight years plus a special parole term of four years following his conviction on charges of importation of cocaine and conspiracy to import cocaine. On June 4, 1981, the district court entered an order pursuant to Rule 35 of the Federal Rules of Criminal Procedure modifying the original sentence to provide for a term of imprisonment for a period of seven years as to each count, plus a four year special parole term, again, with the sentences to be served concurrently and not consecutively.

Scanlon alleges that the sentence he received is illegal because the district court improperly considered two prior Columbian convictions, which were introduced at trial, in fixing and enhancing the sentence. Scanlon contends that these convictions were obtained in violation of *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and a hearing is required under *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) to remedy a denial of his due process rights.

The district court found that Scanlon's sentence was founded upon proper and substantial information which was furnished to the court, both at trial and as a part of the presentence investigation report, by Scanlon himself. The district court then ordered that Scanlon was not entitled to have his sentence vacated and set aside pursuant to 28 U.S.C. § 2255.

We have carefully studied the record, including the district court's order and the briefs of the parties to this action. We find no merit to Scanlon's arguments, and accordingly enforce the order of the district court pursuant to Rule 14 of the rules of this court.